USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 30, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re

    RESIDENTIAL CAPITAL, LLC,

                  Debtor,

BAYERISCHE LANDESBANK,

                  Plaintiff

        v.

DEUTSCHE BANK AG, ET AL.,

                  Defendants.

13 Civ. 2365

**ORDER ADOPTING**
**FINDINGS OF FACT AND**
**CONCLUSIONS OF LAW**

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Bayerische Landesbank has moved to remand this action to state court. Bayerische Landesbank v. Deutsche Bank AG, Adv. Proc. No. 12-1884 (MG) (Bankr. S.D.N.Y.) (Dkt. No. 12)[1] United States Bankruptcy Judge Martin Glenn has filed proposed findings of fact and conclusions of law recommending that the case be remanded. (Dkt. No. 1) No objections have been filed to Judge Glenn's proposed findings. For the reasons stated below, this Court accepts the findings of fact and conclusions of law, and orders that this case be remanded to Supreme Court of the State of New York, New York County, Commercial Division, from which it was removed.

        This Court's review of Judge Glenn's proposed findings of fact and conclusions of law is governed by Bankruptcy Rule 9033(d), which provides that [t]he district judge shall make

---

[1] Plaintiff also filed a motion to withdraw the reference to the Bankruptcy Court. Bayerische Landesbank v. Deutsche Bank AG, et al., 12 Civ. 7537 (PGG) (S.D.N.Y.) (Dkt. No. 1)

a de novo review upon the record . . . of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

        Here, the proposed findings of fact and conclusions of law advised the parties that they had fourteen days from service to file objections. No objections have been filed and no request for an extension of time to object has been made. In such a case, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. See Fed. R. Bankr. P. 9033 advisory committee's note (adopting de novo review provisions of Federal Rule of Civil Procedure 72(b)(3)); 28 U.S.C. § 157(c)(1) (explaining that in a non-core proceeding, the bankruptcy judge "shall submit proposed findings of fact and conclusions of law to the district court," which shall issue a final order or judgment "after reviewing de novo those matters to which any party has timely and specifically objected"); see also Fed. R. Civ. P. 72 advisory committee's note (explaining that "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); Dawson v. J & B Detail, L.L.C., 106 CV 1949, 2006 WL 3827459 (N.D. Ohio Dec. 27, 2006) (applying Rule 72(b)'s standard of review to bankruptcy court's proposed findings of fact and conclusions of law under Bankruptcy Rule 9033(d)).

        This Court has reviewed the Bankruptcy Court's proposed findings of fact and conclusions of law and finds no clear error. The Bankruptcy Court's conclusion that this case should be remanded to state court based on permissive abstention under 28 U.S.C. § 1334(c)(1) is well reasoned and grounded in fact and law. As Judge Glenn explained, litigating this removed

action to judgment would "unquestionably" unduly delay the administration of the bankruptcy case. Moreover, state law issues predominate, and the Supreme Court's Commercial Division is well equipped to deal with these issues. Indeed, that court is currently presiding over numerous similar cases, including six cases that were initiated by the same plaintiff on substantially similar facts.

Accordingly, it is hereby ORDERED that Bankruptcy Judge Glenn's Proposed Findings of Fact and Conclusions of Law, dated March 20, 2013, are adopted in their entirety. The Clerk of Court is respectfully requested to remand this action to the Supreme Court of the State of New York, New York County, and to close this case.[2]

Dated: New York, New York
April 30, 2013                                SO ORDERED.

                                              *[signature]*
                                              Paul G. Gardephe
                                              United States District Judge

---

[2] This Order also terminates <u>Bayerische Landesbank v. Deutsche Bank AG, et al.</u>, 12 Civ. 7537 (PGG), an identical action that is likewise remanded to New York County Supreme Court. The pending motion in that action to withdraw the reference to the Bankruptcy Court is denied as moot.